# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-18-190-M |
| | ) | |
| CHRISTIAN IBARRA-RODRIGUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant's Motion to Dismiss Indictment, filed August 27, 2018. On September 20, 2018, the government filed its response. Based upon the parties' submissions, the Court makes its determination.

I.  Background

Defendant is a Mexican citizen. On or about October 16, 2007, defendant was arrested by the United States Border Patrol at or near Del Rio, Texas, and was processed and granted a Voluntary Return ("VR") to Mexico. On or about February 24, 2009, defendant was arrested by the Waco Fugitive Operations Team, placed in United States Immigration and Customs Enforcement ("ICE") custody, allowed a call to his sister, granted a voluntary removal to Mexico, and returned to Mexico.

On July 25, 2011, defendant was located at the Travis County Gardner Betts Facility after his arrest for burglary of a vehicle. He was notified of his right to speak to the Mexican Consulate, which he did on July 25, 2011. Defendant was served with a notice to appear, a list of free legal service providers, notice of custody determination, notice to respondent, and notice of rights and request for disposition. The notice to appear did not include a specific date or time for the hearing before the immigration judge. On October 4, 2011, the Office of Refugee and Resettlement

transferred defendant to Baptist Child and Family Services of San Antonio. On October 19, 2011, defendant appeared before the Immigration Court, was advised of his rights, and had his case continued to December 7, 2011, so that defendant could obtain an attorney.[1] A Notice of Hearing in Removal Proceedings setting the master hearing before the Immigration Court on December 7, 2011 at 1:30 p.m. was personally served on defendant on October 19, 2011. On December 7, 2011, defendant did not appear for his hearing, and the Immigration Judge continued the hearing to January 4, 2012, so that defendant's escape could be documented for a potential hearing in abstentia. A notice of hearing was sent to defendant's last known address. On January 4, 2012, defendant failed to appear for his hearing, and an Order of Removal was signed by the Immigration Judge.

On October 28, 2014, defendant was arrested by ICE's Office of Enforcement and Removal Operations ("ERO") Fugitive Operations Team in Austin, Texas, and was removed per the Order of Removal. On June 1, 2017, defendant was interviewed by ICE-ERO while in custody at the Oklahoma County Jail. On June 5, 2017, defendant was served with a Notice of Intent/Decision to Reinstate Prior Order of Removal and List of Pro Bono Legal Service Providers and waived his right to contest the decision to reinstate the previous order of removal. Defendant was amenable to being removed from the United States, and on June 9, 2017, defendant was returned to Mexico.

On June 27, 2018, defendant was again located in the Oklahoma County Jail. Defendant was served with a Notice of Intent/Decision to Reinstate Prior Order of Removal and a Warrant of Removal/Deportation. Defendant again waived his right to contest the decision to reinstate the previous order of removal.

---

[1] Defendant does not deny that he attended the hearing on October 19, 2011.

On July 17, 2018, a federal grand jury in the Western District of Oklahoma charged defendant in a one count Indictment with unlawfully reentering the United States without permission after being removed in violation of 8 U.S.C. § 1326(a). Defendant has pled not guilty. Defendant now moves this Court to dismiss the Indictment in this case.

II.     Discussion

Defendant asserts, based upon the United States Supreme Court's recent decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (June 21, 2018),[2] that the omission of the time and date of the hearing on the initial Notice to Appear renders his underlying removal order void because the Immigration Judge lacked jurisdiction to enter it. Specifically, defendant contends that because the Notice to Appear lacked the time and date of his immigration proceedings, it does not meet the definition of a "notice to appear" under 8 U.S.C. § 1229(a)(1)(G), and, thus, there was never jurisdiction acquired to commence removal proceedings under 8 C.F.R. § 1003.14(a). The government asserts that defendant's motion should be denied because defendant received due process, and any technical deficiency in the Notice to Appear is not prejudice sufficient to require dismissal of the Indictment.

Generally, a defendant "may not challenge the validity of the deportation order" underlying a violation of 8 U.S.C. § 1326(a)(1) or § 1326(b). 8 U.S.C. § 1326(d). In order to collaterally attack a deportation order under § 1326(d), a defendant must show: "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 18 U.S.C.

---

[2] In *Pereira*, the Supreme Court held that "[a] notice [to appear] that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under section 1229(a)'". *Pereira*, 138 S. Ct. at 2110.

3

§ 1326(d)(1)-(3). *See also United States v. Adame-Orozco*, 607 F.3d 647, 651 (10th Cir. 2010) ("it is [defendant] who must prove each of § 1326(d)'s elements to overcome the presumed legality of the earlier deportation order").

To establish fundamental unfairness, a defendant must show that he was prejudiced. *See United States v. Valdez*, 917 F.2d 466, 469 (10th Cir. 1990). Further, to show prejudice, a defendant must "demonstrate a reasonable likelihood that, but for the errors complained of, he would not have been deported." *United States v. Aguirre-Tello*, 353 F.3d 1199, 1208 (10th Cir. 2004) (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that the removal order was not fundamentally unfair. Specifically, the Court finds that while the initial Notice to Appear lacked a specific date and time and, thus, was statutorily defective under 8 U.S.C. § 1229(a)(1)(G)(i), such statutory defect does not automatically make the removal order fundamentally unfair. Courts have held that a defective notice to appear may be cured by serving a subsequent notice of hearing. *See Popa v. Holder*, 571 F.3d 890, 895-96 (9th Cir. 2009) (collecting cases). Although the initial Notice to Appear in this case did not have a specific date and time, defendant appeared at a hearing before the Immigration Court on October 19, 2011. At this hearing, defendant's case was continued to December 7, 2011, to allow defendant to obtain counsel, and a notice of this hearing was personally served on defendant. Defendant appeared at the October 19, 2011 hearing and was apprised of the specific date and time of his next hearing before the Immigration Court, and, thus, the initial defective notice to appear was cured. Because the initial defect was cured, the Court finds that defendant's due process rights were not violated and the removal order was not fundamentally unfair.

Additionally, the Court finds that *Pereira* is factually distinguishable from the case at bar. First, *Pereira* addresses the narrow question of whether a defective notice to appear triggers the "stop-time rule" in determining relief under the immigration laws. The "stop-time rule" is not at issue in this case. Second, the appellant in *Pereira* never received notice of his hearing and never appeared for or participated in any hearing. In the case at bar, defendant appeared at the October 19, 2011 hearing, was advised that the hearing was being continued to December 7, 2011 to allow defendant to obtain counsel, and was personally served with a notice of hearing for the December 7, 2011 hearing.

III. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES defendant's Motion to Dismiss Indictment [docket no. 17].

**IT IS SO ORDERED this 25th day of September, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE